IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA          )
                                  )
v.                                )          CASE NO. 2:05-cr-078-F
                                  )                   WO
ARQUIMEDES ALTAMIRANO-RENDON      )
GILBERTO YIBALE-ALTAMIRANO        )

# O R D E R

On May 25, 2005, defendant, Arquimedes Altamirano-Rendon, filed a Motion to Continue (Doc. #34).  While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter.  18 U.S.C. §3161(c)(1).  *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(8)(A).

The motion states that the week of August 1, 2005 is a criminal jury trial week in the Montgomery County Circuit Court and counsel for defendant has several cases which may be tried during the week of August 1, 2005 after his return from Canada on August 1, 2005.  In addition, the defendant and counsel need additional time to prepare this case for trial.

Counsel for the government does not oppose this motion. Consequently, the court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial. <u>See</u> <u>United States v. Davenport</u>, 935 F.2d 1223, 1235 (11th Cir. 1991)(reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED:

1. That the defendant's motion filed on May 25, 2005 is GRANTED;

2. That the trial of this case is continued from the August 1, 2005 trial term to the November 7, 2005 trial term.

3. That the Magistrate Judge conduct a pretrial conference for both defendants prior to the November 7, 2005 trial term.

DONE this 7th day of June, 2005.


_____/s/ Mark E. Fuller_____
CHIEF UNITED STATES DISTRICT JUDGE

2